By the Court.
Bosworth, J.
—The evidence admitted, makes the signatures of Gray on papers which are not relevant to the issue nor evidence in the cause generally, a test of the accuracy of the opinions of witnesses as to the genuineness of the signature to Exhibit A.
It makes the other signatures evidence, for the sole purpose of securing the inspection of them as genuine signatures and necessarily results in instituting a comparison by the Court, between them and the one in question.
It opens, first, a collateral issue as to the genuineness of the other signatures, which the law will not tolerate; and then, if their genuineness be proved, admits them as evidence to impeach the knowledge or the accuracy of the opinions of those who x have pronounced the signature in question to he a forgery. Such evidence puts it in the power of the Court or jury that is *450 to determine the disputed question of fact to institute a comparison 'between the signatures; and such was the purpose for which, in this case, its admission was pressed.
When it is not, avowedly, admitted for such a purpose, but on some other pretence, it subjects a defendant to the hazard of having the verdict of the jury, or decision of the Court, influenced by the opinion formed on a comparison of signatures.
Such evidence is in the nature of impeaching evidence; not direct, but indirect and argumentative. The opinions in Van Wyck v. McIntosh, in the Court of Appeals (reported, since this cause was decided, in 14th N. Y. R., p. 439), cover the exceptions now under consideration, and show them to be well taken. Doe, ex dem. Perry, v. Newton, (5 Ad. and Ellis, 514), and Griffits v. Ivery, (11 id., 322), are direct to the point, that signatures to papers cannot be the subject of evidence at all, for the mere purpose of testing the opinions of witnesses by the agreement or disagreement of such signatures with the one in controversy; or, by way of comparison, to influence the decision as to the genuineness of the disputed signature.
It follows that the judgment must be reversed, and a new trial be granted, with costs to abide the event.
Judgment accordingly.